UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-P680-H

THEODORE MAYNARD                                                            PETITIONER

v.

COOKIE CREWS, WARDEN                                         RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner, Theodore Maynard, has filed this habeas corpus complaint pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 2244(b), Petitioner initially moved the Sixth Circuit Court of Appeals for an order authorizing the district court to consider a second petition for a writ of habeas corpus on two grounds. The Sixth Circuit denied Petitioner's request to file a successive petition regarding his claim that by refusing his request for DNA testing, the Commonwealth of Kentucky deprived him of his Fourteenth Amendment due process right to liberty. However, it permitted him to file this complaint based upon his second allegation that the prosecution failed to disclose exculpatory evidence of human hairs discovered at the crime scene.

The Sixth Circuit reasoned that because the evidence against Maynard was relatively thin and the hair evidence potentially significant, he may be entitled to relief in federal court if he could get past the exhaustion requirement. It noted that Petitioner had not raised this claim previously, but determined that the district court would be in a better position to evaluate whether he had properly exhausted his state court appeals as is required to obtain federal review of his habeas petition. *See In re McDonald*, 514 F.3d 539, 544 n.3 (6th Cir. 2008).

Initially, the Court referred this matter to the Magistrate Judge. Upon review, however, the Court believes that it can resolve it expeditiously without a Report and Recommendation.

I.

This case began in 1972 when Petitioner was convicted on rape and murder charges. The trial court sentenced Petitioner to two consecutive life sentences. Petitioner has filed a number of appeals of his convictions.

To obtain federal court review of his habeas petition, Petitioner must have satisfied the procedural prerequisites. The question here is whether Petitioner has presented his claims of withheld evidence to any Kentucky court; and if not, whether the Commonwealth waived that requirement through inadequacies within its own judicial process. This is a discrete legal issue which this Court can resolve at this time.

Prior to seeking federal habeas relief, a petitioner must exhaust all available state remedies or demonstrate their inadequacies. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 510-20 (1982). In the Sixth Circuit, "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Accordingly, the habeas petitioner must show that he "'fairly presented' the substance of each of his federal constitutional claims to the state courts." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)). A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Petitioner has not asserted that he has filed any complaint, claim or motion in state court seeking to address the question of whether prosecutors withheld the hair evidence during his trial. He has certainly not presented to any state court a factual and legal basis for his allegations. Consequently, the Court has nothing to review at this time –neither a denied claim in state court nor a claim of unconstitutional denial of access to courts. Therefore, Petitioner's claim is unexhausted, and would "ordinarily [be] dismissed without prejudice, in order to permit the petitioner the opportunity to pursue [it] in state court." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002).[1]

II.

This does not necessarily end the inquiry. The Supreme Court has noted exceptions to the exhaustion rule where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."

---

[1] The Commonwealth explains procedural default law extensively in its brief, suggesting that it believes that Petitioner is in procedural default and therefore unable to obtain federal court review of his habeas petition. "[I]f an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review." *Alley v. Bell*, 307 F.3d 380, 385-86 (6th Cir. 2002). An example of a procedural default is as follows: "[a] federal *habeas* petitioner who has failed to comply with a state's rule requiring contemporaneous objection at trial," would be in procedural default on any alleged insufficiency of state court process that should have been objected to during trial. *See West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). "When a state argues that a habeas claim is precluded by the petitioner's failure to observe a state procedural rule, the federal court must go through a complicated analysis." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The government also argues that a federal constitutional claim not presented to state courts at the time and in the manner prescribed by state law is treated as a procedurally defaulted claim. The Court questions the correctness of this statement. *See Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001). More technically, the failure to present claims to state courts because the state court prohibits hearing such claims due to a procedural rule would be treated as a procedural default. Here, the government vaguely presents Kentucky law on limitations to attack convictions for failure to present evidence during trial and on a three-year time limit from the date the conviction became final on appeal to file a collateral attack motion. Importantly, though, the government fails to present any evidence to support the position that state procedural rules would bar Petitioner's claims in state court. Indeed, the government appears to argue the opposite. *See* ECF No. 18 ("The Commonwealth, on behalf of the warden respondent, requests that this Court find that Maynard must first file appropriate actions available to him in the courts of the Commonwealth of Kentucky before seeking any form of federal habeas review."). Petitioner, who may have a valid claim that he is in procedural default and can show cause and prejudice sufficient to warrant federal court review of his petition, never presents this argument. Accordingly, the Court need not address whether Petitioner is in procedural default.

*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citations omitted). The Sixth Circuit further explained the futility exception as,

> [u]nder "special circumstances," [] federal courts may excuse a petitioner's failure to comply with the exhaustion requirement. One example of a special circumstance is where it is clear that requiring a petitioner to pursue further review before the state courts would be futile because state law precludes further review.

*Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987) (internal citations omitted).

Petitioner first argues that he is unable to obtain redress in state court, stating that "there were no other available state court remedies available for him to address the suppressed hairs which constituted a straightforward *Brady v. Maryland*, 373 U.S. 83 (1963) claim." ECF No. 1-1. However, the Sixth Circuit explained that he may be able to pursue this claim under Kentucky Rule of Civil Procedure 60.02. Petitioner has presented no explanation that state court remedies were unavailable. Instead, Petitioner contends that the failure to pursue the withheld evidence claim was due solely to the absence of knowledge about it. This argument seems to miss the point. Petitioner has not identified nor can the Court find any state procedures that deny Petitioner the opportunity to pursue his claims in state court either now or in the past. Therefore, Petitioner's ability to obtain redress in state court remains intact.

Petitioner next contends that any attempt to pursue state court remedies "would be an exercise of futility as indicative of the state court's refusal to entertain his request for DNA testing under the assertion of the actual innocence claim." ECF No. 1-1. Indeed, "where a [petitioner's] failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile." *Ridgeway v. Kentucky*, 2011 WL 3364340, *1 (W.D. Ky. Aug. 4, 2011) (citing *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995)). Petitioner has the burden to establish that utilizing state procedures would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not done so here. There appears to be no statutory bar preventing further state review of Petitioner's claim, and no support for the argument that the state's refusal to review the DNA claim evidences the state's inability or unwillingness to properly consider the withholding evidence claim. *See Pillette*, 824 F.2d at 498. Accordingly, Petitioner has failed to show that state court remedies are inadequate, insufficient or otherwise futile.

Considering these circumstances, the Court feels it unnecessary to speculate about a state issue not yet ruled upon or to prejudge the merits of it without adequate state court review.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Respondents' motion to dismiss is SUSTAINED and the Petition is DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc:    Theodore Maynard, *Pro Se*
        Counsel of Record